## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHIPPING COMPANY IDEL OOO** ) <br> Naberezhnaya Reki Fontanki ) <br> Dom 161, Ofis 118 ) <br> Saint Petersburg 190068 ) <br>   ) <br>         *Plaintiff,*   ) <br>   ) <br>         v.   ) <br>   ) <br> **ANTONY J. BLINKEN** ) <br> **in his official capacity as** ) <br> **Secretary of the United States** ) <br> **Department of State** ) <br> The Executive Office ) <br> Office of the Legal Advisor ) <br> Suite 5.600, 600 19th Street NW ) <br> Washington, D.C. 20522-0000 ) <br>   ) <br>         and   ) <br>   ) <br> **THE UNITED STATES DEPARTMENT** ) <br> **OF STATE** ) <br> The Executive Office ) <br> Office of the Legal Advisor ) <br> Suite 5.600, 600 19th Street NW ) <br> Washington, D.C. 20522-0000 ) <br>   ) <br>         and   ) <br>   ) <br> **LISA M. PALLUCONI** ) <br> **in her official capacity as** ) <br> **Acting Director of the United States** ) <br> **Department of the Treasury** ) <br> **Office of Foreign Assets Control** ) <br> 1500 Pennsylvania Avenue, NW ) <br> Freedman's Bank Building ) <br> Washington, D.C. 20220 ) <br>   ) <br>         and   ) <br>   ) <br> **THE UNITED STATES DEPARTMENT** ) <br> **OF THE TREASURY, OFFICE OF** ) <br> **FOREIGN ASSETS CONTROL** ) <br> 1500 Pennsylvania Avenue, N.W. ) <br> Freedman's Bank Building ) <br> Washington, D.C. 20220 ) | Case No. _____ |

|  |  |
|---|---|
| *Defendants.* | ) ) ) |

# COMPLAINT FOR INJUNCTIVE RELIEF

Shipping Company Idel OOO ("Idel" or "Plaintiff"), brings this complaint against the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC" or the "Agency"), and its Acting Director, Lisa M. Palluconi, along with the United States Department of State ("State"), and its Secretary, Antony J. Blinken, (collectively, the "Defendants"). In support of this complaint, Plaintiff alleges as follows:

## INTRODUCTION

1. This is an action under Administrative Procedure Act ("APA") Section 706(1), to compel OFAC to render a final agency action on the petition for removal of Plaintiff's two vessels from OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List"), submitted pursuant to 31 C.F.R. Parts § 501.807.

## JURISDICTION AND VENUE

2. The Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgement Act, 28 U.S.C. §§ 2201(a), 2202, and the APA, 5 U.S.C. § 706(1).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and 2202 and Fed. R. Civ. P. Rule 57.

5. The Court has jurisdiction to award attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2).

6. Venue is property in the District of Columbia as this is the district in which the

events giving rise to the Complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

7.      Plaintiff Shipping Company Idel OOO is a privately owned shipping company incorporated in Russia having State Registration Number 1197847023384, and has its registered address at Naberezhnaya Reki Fontanki, Dom 161, Ofis 118, Saint Petersburg 190068.

8.      Plaintiff is the owner of the following two vessels: 1) Vyacheslav Arshinov (Vessel Registration Identification IMO 9945136) and 2) Gennady Egorov (Vessel Registration Identification IMO 9945124).

9.      Defendant Antony J. Blinken is the Secretary of the United States Department of State. Mr. Blinken is sued in his official capacity.

10.     Defendant United States Department of State, is a cabinet-level governmental department led by the Secretary of State, that manages the United States' relationship with foreign governments, international organizations, and the people of other countries. It is located at 2201 C. Street, NW, Washington, D.C. 20520.

11.     Defendant Lisa M. Palluconi, is the Acting Director of OFAC. Miss Palluconi is sued in her official capacity.

12.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington D.C. 20220.  OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and individuals. To accomplish this task, OFAC maintains the SDN List.

## FACTUAL ALLEGATIONS

A.      *Plaintiff's Acquisition of the Vessels*

13. On December 28, 2020, Plaintiff and Joint Stock Company State Transportation Leasing Company ("GTLK") entered into Leasing Agreement No. DL 0707- 002-FMG2/2020 (the "Leasing Agreement"). Under this agreement, GTLK agreed to acquire two vessels, Vyacheslav Arshinov and Gennady Egorov (collectively, the "Vessels"), and lease them to the Plaintiff. In return, the Plaintiff would pay GTLK for the Vessels in installments.

14. On August 2, 2022, while the Vessels were still under construction, State designated GTLK to the SDN List pursuant to Section 1(a)(vii) of Executive Order ("E.O.") 14024 for being owned, controlled by, or having acted or purported to act for or on behalf of, directly or indirectly, the Government of the Russian Federation.

15. The following day, on August 3, 2022, OFAC issued General License No. 47A ("GL 47A") authorizing all transactions ordinarily incident and necessary to the wind-down of any transactions involving GTLK that are prohibited by E.O. 14024 and the Russian Harmful Foreign Activities Sanctions Regulations, 31 C.F.R. Part 587 (the "RuHSR"). GL 47A's wind-down period ended on September 1, 2022, at 12:01 a.m. Eastern Daylight Time.

16. Consistent with GL 47A's wind-down authorization, on August 31, 2022, Plaintiff and GTLK entered into two sale and purchase agreements whereby GTLK agreed to sell the Vessels to Plaintiff. The sale and purchase agreements were ordinarily incident and necessary to the wind-down of the Leasing Agreement between Idel and GTLK.

17. GTLK's interest in the Vessels extinguished on August 31, 2022, following Plaintiff's payment to GTLK of the purchase price of the Vessels during the authorized wind-down period.

B. *Designation of Plaintiff's Vessels as Specially Designated Nationals*

18. Plaintiff's Vessels were designated by State and added to the SDN List on April 12, 2023 pursuant to E.O. 14024.

4

19. Plaintiff asserts that State wrongfully identified the Vessels as property in which GTLK has an interest.

20. Plaintiff alleges that the Defendants' decision to designate the Vessels to the SDN List is arbitrary and capricious. There is no factual or legal basis for including Plaintiff's Vessels on the SDN List, nor is there a factual or legal basis upon which Defendants could reasonably determine that Plaintiff's Vessels should remain on the SDN List.

C. *Plaintiff's Challenge to its Designation*

21. On May 23, 2023, Plaintiff, through its undersigned counsel, filed a petition for the removal of the Vessels from the SDN List via e-mail to State and OFAC (the "Delisting Petition").

22. OFAC confirmed receipt of the Delisting Petition via e-mail on May 25, 2023, and provided it with reference number RUSSIA-EO14024-33776.

23. Plaintiff, through its undersigned counsel, explained in the Delisting Petition that, *inter alia*, there was an insufficient basis for designating the Vessels since GTLK's interest in the Vessels extinguished following Plaintiff's lawful acquisition of the Vessels from GTLK during the wind-down period on August 31, 2022.

24. Plaintiff also clarified that the sale and purchase agreements were ordinarily incident and necessary to the wind-down of the Leasing Agreement between Idel and GTLK, and the "wind-down" language in GL 47A allowed Plaintiff to fulfill its obligations (e.g., purchase orders, contracts, and agreements) entered into prior to becoming subject to sanctions without exposure to sanctions risks.[1]

25. Plaintiff, through its undersigned counsel, submitted a notice of correction to

---

[1] OFAC, *General License No. 47A,* U.S. DEP'T OF THE TREASURY (Aug. 3, 2022).

State and OFAC on May 26, 2023, after discovering translation errors in certain exhibits submitted in support of the Delisting Petition.

26. State confirmed receipt of the notice of correction on May 26, 2023.

27. Plaintiff, through its undersigned counsel, followed up with OFAC via e-mail, copying State, regarding the Delisting Petition on August 3, 2023 ("First Follow-up").

28. On August 3, 2023, State responded to the First Follow-up, stating that it cannot provide a time estimate for the completion of its review of the Delisting Petition.

29. On September 12, 2023, Plaintiff received a Request for Further Information ("RFI") from State.

30. Plaintiff, through its undersigned counsel, submitted its response to the RFI on December 11, 2023.

31. State confirmed receipt of the response to RFI on December 12, 2023.

32. Plaintiff, through its undersigned counsel, submitted a notice of supplemental information to OFAC and State on January 2, 2024.

33. State confirmed receipt of the notice of supplemental information on January 8, 2024.

34. As of date of this filing, Defendants have not issued a final agency decision despite Plaintiff submitting the Delisting Petition 531 days ago. Additionally, Plaintiff submitted its response to the RFI 329 days ago.

35. Plaintiff asserts that OFAC has unreasonably delayed rendering a final agency action on the above-mentioned delisting petitions under 5 U.S.C. § 706(1).

**CLAIM FOR RELIEF**

36. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37. By and through its Delisting Petition and response to the RFI, Plaintiff requested that Defendants remove the Vessels from the SDN List.

38. The APA requires agencies to "conclude a mater presented to it… [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b).

39. Under the APA, reviewing courts are required to compel agency actions unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

40. As discussed above, it has been 531 days since Plaintiff submitted the Delisting Petition and 329 days since Plaintiff submitted its response to the RFI.

41. As such, OFAC has unreasonably delayed in responding within a reasonable time under 5 U.S.C. § 706(1).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to render a final agency action on the Delisting Petition that is the subject of this complaint;

B. Provide for expeditious proceedings in this action;

C. Award Plaintiff attorneys' fees and costs incurred in this action; and

D. Grant such other relief as this Court may deem just and proper.

Dated: November 4, 2024

Respectfully submitted,

/s/ Jason D. Wright
Jason D. Wright, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue

New York, New York 10178
Tel:  +1 212 696 6000
Fax:  +1 212 697 1559
E-mail: jwright@curtis.com
DC Bar #1029983

Ziad El Oud
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
1717 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: +1 202 452 7366
Mobile: +1 347 217 1797
Email: zel-oud@curtis.com
DC Bar #1617992

Kaitlyn Kocharian (*pro hac vice forthcoming*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Tel:  +1 212 696 6000
E-mail: kkocharian@curtis.com

*Counsel for Shipping Company Idel OOO*